# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomis Alexander Winfrey, | ) |
| Petitioner, | ) CV-08-141-TUC-FRZ-DTF |
| vs. | ) **REPORT & RECOMMENDATION** |
| Charles Ryan, et al., | ) |
| Respondents. | ) |

Petitioner Naomis Alexander Winfrey, presently incarcerated at the Arizona State Prison - Kaibab Unit, in Winslow, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1), Respondents' Limited Answer (Dkt. 9), and Petitioner's Reply (Dkt. 12). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition on the ground that it is time barred.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted in the Superior Court of Pima County of first degree murder, first degree burglary, and theft by control. (Dkt. 9, Ex. A at 3-5.) On August 16, 1993, he was sentenced to twenty-five years to life for the murder, ten-and-one-half years for the burglary, and ten years for the theft count.[1] (*Id.*)

Petitioner filed an appellate brief and a supplemental appellate brief before the

---

[1] The judge, Bernardo P. Velasco, that sat Petitioner's trial and sentenced him is currently a United States Magistrate Judge in the District of Arizona.

Arizona Court of Appeals, each of which raised the same two arguments: the trial court erred in admitting evidence of a gun found on Petitioner at the time of arrest, and the trial court erred in instructing the jury on accomplice liability. (Dkt. 9, Exs. B, C.) Petitioner's appeal was denied on September 12, 1995. (*Id.*, Ex. D.) Petitioner filed a Petition for Review with the Arizona Supreme Court on October 23, 1995, arguing the accomplice liability instructions were given in error and there was insufficient evidence to support the first degree murder conviction. (*Id.*, Ex. E.) The petition was summarily denied on January 26, 1996. (*Id.*, Ex. F.) Petitioner did not petition the United States Supreme Court for certiorari.

On February 28, 1996, Petitioner filed a notice of post-conviction relief (PCR) pursuant to Arizona Rule of Criminal Procedure 32 (Dkt. 9, Ex. G); he filed his PCR petition on June 3, 1996 (*id.*, Ex. H). Petitioner raised the following four claims: no blacks served on his jury in violation of the Sixth Amendment; at sentencing, the court admitted an unsworn statement by the victim's mother that was not subject to cross-examination; the court considered Petitioner's lack of remorse in imposing sentence in violation of the Fifth Amendment privilege against self-incrimination; and trial and appellate counsel were ineffective for failing to raise the first three issues. (*Id.*, Ex. H at 5-11.) On August 14, 1996, the trial court granted relief to the extent it ruled all of Petitioner's sentences should be concurrent, and denied relief in all other respects. (*Id.*, Ex. I.) The Arizona Court of Appeals granted Petitioner's request for review but denied relief. (*Id.*, Ex. J.) Petitioner's motion for rehearing was denied on June 12, 1998. (*Id.*, Ex. K.) Petitioner did not seek review in the Arizona Supreme Court. (*Id.*, Ex. X at 1, 10-14.)

On April 12, 2001, Petitioner filed a second PCR notice, followed by a petition on December 2, 2002. (Dkt. 9, Exs. L, M.) Petitioner raised the following claims: ineffective assistance of counsel for failing to object to the admission of prejudicial information, failing to adequately investigate, and failing to submit proposed jury instructions or to challenge the instructions as given; ineffective assistance of appellate counsel; the trial court erred in allowing the use of hearsay as substantive evidence; the prosecution improperly vouched for a witness and counsel failed to object; and the trial court erred in the accomplice liability jury

instructions and counsel failed to provide the governing authority on that issue. On July 3, 2003, the PCR court found all of the claims precluded for failure to raise them in the first PCR petition. (*Id.*, Ex. N.)

On January 12, 2007, Petitioner filed a PCR petition seeking DNA testing pursuant to A.R.S. § 13-4240. (Dkt. 9, Ex. P.) On April 2, 2007, the trial court denied Petitioner's request for DNA testing under state law. (*Id.*, Ex. Q.) Petitioner sought review of that decision in the Arizona Court of Appeals. (*Id.*, Exs. R, S, T at 3 & n.1.) The appellate court granted review but denied relief. (*Id.*, Ex. T.) Petitioner petitioned for review by the Arizona Supreme Court, which was summarily denied. (*Id.*, Exs. U, V.)

## **DISCUSSION**

On March 18, 2008, Petitioner filed his federal habeas petition in this Court. (Dkt. 1.) The petition alleges the following claims: violation of due process based on the State's failure to produce the trial blood evidence for DNA testing; prosecutorial misconduct arising out of the introduction of the gun and vouching for hearsay testimony of a witness; and ineffective assistance of counsel for failing to have the blood evidence independently tested, failing to object to the all-white jury, advising Petitioner not to take the plea offer, failing to call impeachment witnesses, failing to object to the prosecutor leading witnesses and vouching, failing to object to the introduction of the gun, and failing to conduct any pretrial investigation.

The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. Under the AEDPA, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

3

review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's convictions became final. The Arizona Supreme Court denied review on Petitioner's direct appeal on January 26, 1996, and his time to file a petition for certiorari with the United States Supreme Court expired on April 25, 1996; thus, the judgment against Petitioner became final on that date. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "direct review" includes the period during which a petitioner can petition for writ of certiorari, regardless of whether the petitioner seeks such review); *see also Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (finding direct review to include the time up to the expiration of the period to seek review by the Supreme Court). The statute of limitations began to run, absent tolling, on April 25, 1996.[2]

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Petitioner initiated his first PCR proceeding by filing a notice on February 28, 1996, which triggered tolling as of that date. *See Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). No portion of the limitations period expired before tolling began. Tolling continued until June 12, 1998, when the Arizona Court of Appeals denied Petitioner's motion for rehearing. The limitations period began to run the next day, June 13, 1998.

Petitioner was required to file his federal habeas petition within one year, or by June 12, 1999. Petitioner's subsequent PCR proceedings did not toll the limitations period because they were not initiated until 2001 or beyond, after the federal period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a

---

[2] The AEDPA statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A) is applicable to petitioners whose convictions became final after April 24, 1996. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999) (noting that the limitations period does not begin to run against a state prisoner until after the April 24 enactment date).

4

state petition after the federal limitations period has expired does not reinitiate the statute of limitations); *see also Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding time between completion of one petition for collateral review in state court and a second petition is not subject to tolling for purposes of 2254(d)(2)). Petitioner did not file his petition in this Court until March 18, 2008; therefore, it was untimely under § 2254(d)(1)(A).

First, Petitioner contends he satisfies § 2254(d)(1)(B) – suspending the limitations period while a State impediment precludes filing – because the removal of legal research materials from the state prisons in 1998 prevented prisoners from making legal arguments. Critically, Petitioner does not argue that he could not timely initiate a federal petition; rather, he contends he did not have access to case cites for legal support or to counter arguments by the State. Further, since 1998, Petitioner has initiated two state PCR proceedings as well as the instant case despite the alleged ongoing lack of access to legal research materials; therefore, it is clear the State's actions did not prevent Petitioner from timely filing.

Second, Petitioner argues subsection C – beginning the limitations period when a new constitutional right is recognized – applies because actual innocence and a fair trial are constitutional rights and, in recent years, petitioners have been using DNA to prove their innocence. Subsection C requires recognition of a new legal right by the Supreme Court. In the year prior to Petitioner commencing this action, or in the time since, the Supreme Court did not recognize a new legal right based on actual innocence, the right to a fair trial, or DNA testing that it held to be retroactive. *Cf. Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 488 (2008) (granting certiorari to decide whether there is a Fourteenth Amendment due process right to DNA testing to prove actual innocence). Therefore, the limitations period set forth in subsection C is not implicated by Petitioner's case.

Third, Petitioner argues he satisfies subsection D – limitations period begins when factual predicate of claim discovered – because through the time of the filing of his first PCR petition there was no state statutory procedure for seeking DNA testing. Even if Petitioner could not have discovered the factual predicate of his DNA claim until after the state passed

5

a new law allowing persons convicted of felonies to request DNA testing, that law was enacted in 2000, A.R.S. §13-4240. Petitioner did not thereafter diligently seek relief as required by subsection D. The Supreme Court holds that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest" in developing a possible avenue for relief. *Johnson v. United States*, 544 U.S. 295, 308, 310 (2005) (finding defendant not diligent because he delayed three years in seeking to have a state court conviction vacated after it was used to enhance his federal sentence). By way of example, the Court noted a defendant would have to seek DNA testing with reasonable promptness, once available, if a new one-year limitations period is to be triggered by the "discovery" of the test result. *Id.* at 310. Petitioner did not request state testing until October 2006.[3] Therefore, to the extent subsection D could be found applicable, Petitioner has not satisfied it. In sum, Petitioner's habeas petition falls outside the statute of limitations.

The Supreme Court has assumed without deciding that the AEDPA's statute of limitations can be equitably tolled. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005). Citing the standard for equitable tolling set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), the Court observed that a litigant generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In turn, the Ninth Circuit holds the limitations period may be equitably tolled "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). The threshold for equitable tolling is very high and it is "unavailable in most cases." *Miranda*

---

[3] Petitioner's allegation that he requested DNA testing in his second PCR petition is not supported by the record. Attached to Petitioner's April 12, 2001 second PCR notice is a hand-written document requesting the testing of two blood samples by ABO-absorption elution/reverse grouping and immunoglobulin allotyping. (Dkt. 9, Ex. L at 4.) In the subsequent 2002 PCR petition, appointed counsel did not seek statutory DNA testing. (*Id.*, Ex. M.)

*v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles*, 187 F.3d at 1107).

Petitioner does not make any arguments specific to equitable tolling. For the reasons discussed above, none of Petitioner's arguments with respect to § 2244(d)(1) establish that an extraordinary circumstance prevented him from timely filing. Further, Petitioner has not made a showing he acted diligently to pursue his rights in the nine years between expiration of the statute of limitations (counting statutory tolling) and the filing of his federal petition.

As a separate matter, Petitioner argues the statute of limitations cannot bar his claims because he is actually innocent. The Ninth Circuit has not decided whether a showing of actual innocence, rising to the level of a fundamental miscarriage of justice, can overcome the statute of limitations. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002). To the extent such relief is available, a fundamental miscarriage of justice based on factual innocence requires Petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327.

Petitioner does not have new reliable evidence; rather, he alleges DNA testing of blood at the crime scene might prove he was not present for the murder. As found by the PCR court, no blood at the scene of the crime was identified as Petitioner's. (Dkt. 9, Ex. Q at 2.) A forensic serologist, Dr. Alan Hatch, testified at trial regarding the blood identified at the crime scene. (*Id.*, Ex. P, App. A at 7-19.) Blood from the south counter, counter top, armchair, and bedroom hallway were consistent with the victim (*id.* at 11-13) and could not have come from Petitioner (*id.* at 15). Blood from the bathroom was consistent with Petitioner; however, Dr. Hatch testified that he only got results as to one genetic marker from that blood and it would be consistent with eighty-one percent of the black population. (*Id.* at 13, 15, 17.) This inconclusive testimony, which did not identify Petitioner as the source of any of the blood, could not have formed the basis of Petitioner's conviction. Thus, ruling out Petitioner as the source of the blood in the bathroom does not establish that Petitioner

was not present and no reasonable juror could have found him guilty. Petitioner cannot demonstrate a fundamental miscarriage of justice based on actual innocence.

The petition is untimely pursuant to 28 U.S.C. § 2254(d)(1), and Petitioner has not established entitlement to equitable tolling or actual innocence to overcome that bar. Accordingly, the petition is time-barred.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-08-141-TUC-FRZ**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner.

DATED this 30th day of April, 2009.

D. Thomas Ferraro
United States Magistrate Judge