IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomis Alexander Winfrey, | ) No. CV 08-141-TUC-FRZ (DTF) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles Ryan, et al., | ) |
| Defendant. | ) |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge D. Thomas Ferraro whereby he recommends denying Petitioner's §2254 habeas petition. As throughly explained by Magistrate Judge Ferraro, Petitioner is not entitled to relief as Petitioner filed his §2254 petition outside of the applicable one-year statute of limitations and Petitioner has failed to show that equitable tolling applies to excuse his untimely petition.[1]

Plaintiff filed a few brief objections to the Report and Recommendation; however, the Report and Recommendation covered the issues reflected in the objections and appropriately found that Petitioner was not entitled to relief. For example, while Petitioner asserts that he lacked legal materials which contributed to the untimeliness of his petition, he was not

---

[1]The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

prevented from filing a timely petition by State action such that the untimeliness is excused pursuant to §2244(d)(1)(B). *See* Report and Recommendation at 5; Objections at 1. In addition, contrary to Petitioner's objections, the Report and Recommendation correctly found that Petitioner did not appropriately raise the DNA testing issue such that §2244(d)(1)(D) excuses his untimely petition. *See* Report and Recommendation at 5-6; Objections at 1-3. Furthermore, Petitioner has not shown that equitable tolling applies. *See* Report and Recommendation at 6-8. Lastly, while Petitioner asserts that the statute of limitations can not bar his petition because he is actually innocent, the Report and Recommendation correctly found that there is no evidence reflecting that he is actually innocent pertaining to his convictions for murder, burglary and theft. *See* Report and Recommendation at 7–8; Objections at 2-4.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. #15) is accepted and adopted.

(2) Petitioner's §2254 habeas petition is denied and this case is dismissed with prejudice.

(3) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

DATED this 18th day of August, 2009.

FRANK R. ZAPATA
United States District Judge